UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES K., <br><br>  Plaintiff, <br><br> vs. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br>  Defendant. | CASE NO. CV 18-8210-DOC (AGR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, the records on file, the Report and Recommendation of the magistrate judge, and Defendant's objections. The Court has engaged in a *de novo* review of those portions of the Report to which Defendant has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

The Report recommends that the Commissioner's decision be reversed in part and remanded for reconsideration as to whether to include in Plaintiff's residual functional capacity ready access to a restroom and additional 5-minute breaks for frequency of urination during the period June 24, 2013 through March 2, 2015.

In his objections, Defendant argues that the recommendation is inconsistent with the Report's findings that the ALJ properly discounted the opinions of Dr. Highley and Dr. Hadaya. The Court finds no inconsistency. The Report found that the ALJ

properly discounted Dr. Highley's opinion on June 24, 2013 that Plaintiff was disabled. Plaintiff had reported to Dr. Highley that he suffered from urinary incontinence and urgency (with no warning when he needs to urinate), and this condition interfered with his work as a carpenter. (Report at 5.) Plaintiff testified at the hearing why urinary urgency and incontinence posed particular difficulties for him as a construction worker. AR 73-74.

The ALJ agreed that Plaintiff could not return to his past relevant work as a carpenter. AR 38. Otherwise, the Report concluded that the ALJ properly discounted Dr. Highley's opinion that Plaintiff was disabled because the record gave no indication Dr. Highley had considered whether Plaintiff could perform other work "with different job requirements or with common treatment options such as scheduled toilet trips (*e.g.*, every two hours), medication or diet changes." (Report at 5-6.) The Commissioner has not identified an inconsistency between this finding and the Report's recommendation.

On July 14, 2014, Plaintiff complained of urinary frequency, urge incontinence and right flank pain to Dr. Hedaya. The Report found that the ALJ properly discounted Dr. Hedaya's opinion that Plaintiff would be off work until he could fully evaluate his condition because that opinion alone did not meet the 12-month durational requirement. (Report at 6.) Dr. Hedaya diagnosed distal urethral stricture and recommended cystoscopy dilation urethrotomy. On and after March 2, 2015, less than 12 months later than Dr. Hedaya's opinion, the medical records no longer contain complaints about urinary issues for at least the next year. (*Id.* at 6-7.) Again, Defendant has not identified any inconsistency.

The Report found, however, that ALJ did not consider a closed period of disability between June 24, 2013 and March 2, 2015. (Report at 7.) Defendant's objections do not contend otherwise. Instead, Defendant argues that "there is nothing in Plaintiff's record that would support a finding of a closed period of disability from June 24, 2013 through March 2, 2015." (Obj. at 3.) The court expresses no

view as to whether there is or is not a closed period of disability.  That determination is appropriate for the ALJ to make in the first instance.

IT IS ORDERED that the Commissioner's decision is reversed in part and remanded for reconsideration as to whether to include in Plaintiff's residual functional capacity ready access to a restroom and additional 5-minute breaks for frequency of urination during the time period June 24, 2013 through March 2, 2015.

DATED: February 4, 2020

*David O. Carter*
DAVID O. CARTER
United States District Judge